**NOT FOR PUBLICATION**

**FILED**

AUG 24 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SCOTT MAASEN, | No. 21-16165 |
| Petitioner-Appellant, | D.C. No. 2:19-cv-05736-DGC |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted August 17, 2022[**]

Before:    S.R. THOMAS, PAEZ, and LEE, Circuit Judges.

Scott Maasen appeals pro se from the district court's judgment denying his petition for a writ of error coram nobis. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *see United States v. Riedl*, 496 F.3d 1003, 1005 (9th Cir. 2007), we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Maasen contends that the district court's order requiring him to pay $1,392,000 in restitution to the Small Business Administration ("SBA") must be vacated because his counsel rendered ineffective assistance. We agree with the district court that Maasen has failed to demonstrate an error of the most fundamental character. *See id*. at 1006 (stating requirements for coram nobis relief). Maasen agreed in his plea agreement to pay up to $1,392,000 in restitution to the SBA, and the record supports the district court's conclusion that this amount reflects the outstanding balance on the loan. Thus, the record supports the district court's restitution award. *See* 18 U.S.C. § 3663A; *Robers v. United States*, 572 U.S. 639, 640-41 (2014) (holding that in the case of a fraudulently obtained loan, restitution is based on "the money lent" minus any money returned to the victim). The record also indicates that the authority and evidence Maasen presented in his coram nobis proceedings, much of which his counsel presented when challenging the amount of loss at sentencing, would not have resulted in a different restitution obligation. Thus, even if counsel's representation was deficient, which the record does not support, Maasen was not prejudiced. *See Strickland v. Washington*, 466 U.S. 668, 692-93 (1984).

To the extent Maasen directly challenges the district court's restitution calculation, that claim is precluded by the collateral attack waiver in his plea agreement. *See United States v. Lo*, 839 F.3d 777, 783 (9th Cir. 2016). Insofar as

2                                                                    21-16165

Maasen argues that the waiver is unenforceable, he could have raised this argument on direct appeal and therefore it does not provide a basis for coram nobis relief. *See Riedl*, 496 F.3d at 1006 (holding that, to obtain coram nobis relief, a petitioner must show "valid reasons exist" for not raising the claim earlier).

**AFFIRMED.**